UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

228E58STR LLC,

                              Plaintiff,

       -against-

KOLEKSIYON MOBILYA SAN A.S.,

                             Defendant.

------------------------------------------------------------------X

Index No. _____

COMPLAINT

Civil Action

        Plaintiff 228E58STR LLC ("228E58STR" or "Plaintiff"), by and through its attorneys, Phillips Nizer LLP, as and for its Complaint against Defendant Koleksiyon Mobilya San A.S. ("Guarantor" or "Defendant"), respectfully alleges as follows:

## NATURE OF THE ACTION

        1.     This is a civil action to enforce a contractual guaranty of payment and performance arising under a commercial lease of real property located in New York, New York.

        2.     Plaintiff seeks damages, costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

        3.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), which confers original jurisdiction upon this Court of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a citizen of a State and a citizen of a foreign state.

        4.     This Court is empowered to issue declaratory relief under 28 U.S.C. §§ 2201 and 2202.

        5.     This Court has personal jurisdiction over Defendant because Defendant has consented to the personal jurisdiction of this Court with respect to these claims.

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred in this judicial district, and because the Defendant has consented to the personal jurisdiction of and venue in this Court with respect to these claims.

## PARTIES

7. Plaintiff 228E58STR was and is now a limited liability company duly organized and existing under the laws of the State of New York, with its principal place of business at 115 West 29th Street, New York, New York 10001.

8. Upon information and belief, Defendant is a joint stock company duly organized and existing under the laws of the foreign state of Turkey, with its headquarters at Haciosman Bayiri, 35 Cumhuriyet Mah Kefelikoy Baglar Caddesi, Buyukdere Istanbul (Europe), 34457 Turkey.

9. At all relevant times, Plaintiff 228E58STR was and is the owner of real property located at 228 East 58th Street, New York, New York 10022 (the "Building").

## FACTUAL ALLEGATIONS

**A.   THE LEASE**

10. On or about April 28, 2015, Plaintiff, as landlord, and Koleksiyon USA LLC ("Tenant"), as tenant, entered into a written lease agreement (the "Lease") for lease of a portion of the ground floor space, the second floor space and the basement located in the Building (the "Premises"). A copy of the Lease is attached to this Complaint as Exhibit 1.

11. The term of the Lease was for a period of ten (10) years, commencing on April 1, 2015, and ending on March 31, 2015. (Lease, Article 2.)

12. Payment of Fixed Rent (as defined in the Lease) was to be made monthly in advance on the first day of each calendar month during the term of the Lease according to the

2

Fixed Rent Schedule attached as Exhibit B to the Lease. (Lease, § 3.01.)

13. The Lease provided that in the event that the Lease were to be terminated by reason of (among other things) Tenant's default in its payment and/or performance obligations under the Lease, including Tenant's abandonment of the Lease, Tenant would nonetheless remain liable for damages to Plaintiff throughout the unexpired term of the Lease as provided by Article 26 of the Lease. (Lease, § 24.02.)

14. Article 26 of the Lease stated that in the event that the Lease were to be terminated by reason of Tenant's default(s), then, at Plaintiff's election, Tenant would be liable to Plaintiff in an amount equal to (among other things), all Fixed Rent and Additional Rent to be paid by Tenant to Plaintiff throughout the unexpired term of the Lease. (Lease, § 26.01.)

15. As security for Tenant's performance of its obligations under the Lease, Tenant was required to deliver a letter of credit in an amount equal to the greater of (i) $463,980.00 or (ii) fourteen months' Fixed Rent at the then-applicable rate (the "Letter of Credit") to Plaintiff. The term of the Letter of Credit was to be for no less than one (1) year, was to be substantially in the form attached to the Lease as Exhibit E, and was to renew automatically throughout the term of the Lease. (Lease, § 37.01.)

16. The Lease also provided that if for any reason whatsoever the Letter of Credit was not renewed or replaced within ninety (90) days prior to its then-expiration or renewal date, Plaintiff would have the unconditional right to draw upon the existing Letter of Credit as security for Tenant's performance under the Lease. (Lease, § 37.01.)

17. The Lease further provided that Plaintiff has the right, regardless of the exercise of any other remedy that Plaintiff may have by reason of Tenant's default under the Lease, immediately to draw against the Letter of Credit to the extent necessary to cure the amount of

any default and to apply any part of said Letter of Credit to the extent necessary to cure any default of Tenant, and that Plaintiff's right to draw on the Letter of Credit continues for so long as Tenant remains in default under the Lease. (Lease, § 37.02.)

**B.     THE GUARANTY**

18.     In order to induce Plaintiff to execute the Lease, Defendant, as Guarantor, executed a written personal guaranty (the "Guaranty") of all of the terms, covenants and conditions contained in the Lease between Plaintiff and Tenant. A copy of the Guaranty (which is attached as Exhibit F to the Lease) is attached to this Complaint as Exhibit 2.

19.     The purpose of the Guaranty was to assure Plaintiff that the payment of all rent and additional rent (including, but not limited to, Fixed Rent, Additional Fixed Rent and Additional Rent (all as defined in the Lease)) would be the obligation of the Guarantor if the Tenant did not make such payments. (Guaranty, ¶ 2.)

20.     The Guaranty affirmatively stated that "any liability of the Guarantor for any claims of [Plaintiff] arising under the Lease *shall survive the surrender or termination of the Lease.*" (Guaranty, ¶ 2; emphasis added.)

21.     The Guaranty further stated that Plaintiff's "acceptance of a surrender of the Premises *shall not be deemed a release or waiver by [Plaintiff] of any obligation of* the Tenant under the Lease or *the Guarantor under this Guaranty*." (Guaranty, ¶ 3; emphasis added.)

22.     Additionally, the Guaranty provided that:

> *This Guaranty is absolute and unconditional and is a guaranty of payment and performance*, not of collection, and *Guarantor's liability hereunder shall be primary*. If there is more than one individual signing this Guaranty as the Guarantor, the liability of each of them shall be joint, several and personal. This Guaranty shall be enforced without the necessity of resorting to or exhausting any other security or remedy, without the necessity at any time of having recourse to Tenant and without having commenced any action against Tenant or having obtained any

>judgment against Tenant. The validity of this Guaranty shall not be affected or impaired by reason of the assertion by Landlord against Tenant of any of the rights or remedies reserved to landlord under the Lease. Guarantor agrees that this Guaranty shall remain in force and effect as to any assignment, transfer, renewal, modification or extension of the Lease and for any holdover period after expiration or termination of the Lease. No action or inaction of Landlord or Tenant shall affect the obligations of Guarantor hereunder. ***The Guarantor waives notice of any and all defaults by Tenant in the payment of Fixed Rent, Additional Fixed Rent, Additional Rent, or any other charges, and waives notice of any and all defaults by Tenant in the performance of any of the terms of the Lease on Tenant's part to be performed.*** The Lease may be modified without Guarantor's consent and any such modification signed by Landlord and Tenant shall not release the Guarantor.

(Guaranty, ¶ 4; emphasis added.)

23. The Guaranty further provided that:

>Until all terms, covenants and conditions in the Lease on the Tenant's part to be paid, kept, performed and observed are fully paid, kept, performed and observed, the Guarantor: (a) shall have no right of subrogation against the Tenant by reason of any payments or acts of performance by the Guarantor, in compliance with the obligations of the Guarantor hereunder; (b) waives any right to enforce any remedy which the Guarantor now or hereafter shall have against the Tenant by reason of any one or more payments or acts of performance in compliance with the Tenant by reason of any one or more payments or acts of performance in compliance with the obligations of the Guarantor hereunder; and (c) subordinates any liability or indebtedness of the Tenant now or hereafter held by the Guarantor to the obligations of the Tenant to Landlord under the Lease.

(Guaranty, ¶ 5.)

24. Pursuant to the terms of the Guaranty, Guarantor expressly and irrevocably agreed to be subject to personal jurisdiction in any court of appropriate subject matter jurisdiction in the City of New York. Guarantor further agreed that all disputes arising out of or relating to the Premises, the Lease and the Guaranty, and all actions to enforce any obligations of Guarantor in connection with the Premises, the Lease and the Guaranty, would be adjudicated solely and exclusively in the New York state and/or Federal courts sitting in New York County. (Guaranty,

5

¶¶ 8-9.) Guarantor also agreed to pay all attorneys' fees, court costs and other expenses incurred by Plaintiff in enforcing this Guaranty. (Guaranty, ¶ 8.)

**C.   THE LETTER OF CREDIT**

25.   Tenant took occupancy of the Premises pursuant to the Lease commencing in or about April 2015.

26.   On or about April 24, 2015, Tenant delivered its original Letter of Credit to Plaintiff. However, this Letter of Credit failed to conform in form and/or substance to that required by Plaintiff pursuant to the Lease.

27.   On or about March 14, 2017, Plaintiff advised Tenant that it had been in default of its obligations under the Lease relating to the Letter of Credit since April 24, 2015, as the existing Letter of Credit did not conform in form and/or substance to that required by the Lease. Plaintiff at the time also reminded Tenant that the non-conforming Letter of Credit was due to expire, and that, as a result of Tenant's on-going default with respect to the Letter of Credit, Plaintiff was requiring that Tenant provide a renewed, conforming Letter of Credit.

28.   On or about April 7, 2017, Tenant provided another Letter of Credit, with an expiration date of April 9, 2019, to Plaintiff. However, this Letter of Credit also failed to confirm in form and/or substance to that required by the Lease.

29.   In or about March 2019, both Tenant and Guarantor communicated with Plaintiff concerning the imminent expiration of the existing Letter of Credit. Both Tenant and Guarantor requested modifications to the type of security that Plaintiff required for Tenant's performance of its obligations under the Lease, and asked Plaintiff to discuss these modifications as they related to the Lease and to the Guaranty.

**D.   THE PRE-NEGOTIATION LETTER**

30.   As a condition to any discussions concerning Tenant's and Guarantor's requests,

Plaintiff required both Tenant and Guarantor to sign a pre-negotiation letter, dated March 29, 2019 (the "Pre-Negotiation Letter"). A copy of the Pre-Negotiation Letter is attached to this Complaint as Exhibit 3.

31. The Pre-Negotiation Letter expressly provided, among other things, that with respect to the discussions between and among Plaintiff, Tenant and Guarantor,

> [N]o agreement reached with respect to any matter (including, without limitation, any waiver of any right or remedy) shall have any effect whatsoever unless such agreement is reduced to writing, signed and delivered by all parties' authorized representatives.

(Pre-Negotiation Letter, ¶ 2.)

32. Pursuant to the Pre-Negotiation Letter, Tenant acknowledged that:

> The Lease is in full force and effect and is binding on Tenant in accordance with their [sic] terms. Tenant shall continue to be bound by the Lease terms, except to the extent that the Lease may hereafter be modified by a written agreement duly signed and delivered as described in paragraph 2, above. [Plaintiff] has not and does not waive the existence of any events of default under the Lease. This letter shall not be construed as an amendment, novation, accord and satisfaction, estoppel, or waiver of [Plaintiff's] rights under the Lease Documents. Nothing contained herein shall limit [Plaintiff] in initiating, continuing or otherwise proceeding to exercise any right or remedy available to [Plaintiff] under the Lease or otherwise.

(Pre-Negotiation Letter, ¶ 3.)

33. Pursuant to the Pre-Negotiation Letter, Guarantor acknowledged that:

> The Guaranty is in full force and effect and is binding on Guarantor in accordance with their [sic] terms. Guarantor shall continue to be bound by the Guaranty terms, except to the extent that the Guaranty may hereafter be modified by a written agreement duly signed and delivered as described in paragraph 2, above. [Plaintiff] has not and does not waive the existence of any events of default under the Lease or the Guaranty. This letter shall not be construed as an amendment, novation, accord and satisfaction, estoppel, or waiver of [Plaintiff's] rights under the Guaranty. Nothing contained herein shall limit [Plaintiff] in initiating, continuing or otherwise proceeding to exercise any right or remedy available to [Plaintiff] under the Guaranty or otherwise.

(Pre-Negotiation Letter, ¶ 4.)

34. Additionally, pursuant to the Pre-Negotiation Letter, both Tenant and Guarantor acknowledged that:

> [A]s of the date hereof, [Plaintiff] has not entered into any agreements, commitments or understandings with [Tenant and Guarantor] with respect to the Lease or Guaranty (including, without limitation, any agreement to modify such documents or reduce the rental due under the Lease) and that no such agreements, commitments or understandings will be deemed to exist absent a future written agreement between [Plaintiff] and [Tenant and Guarantor] to the contrary.

(Pre-Negotiation Letter, ¶ 8.)

35. Finally, Tenant and Guarantor irrevocably designated and appointed their attorneys as their authorized agent to accept and acknowledge on their behalf service of any and all process that may be served in any suit, action or proceeding of the nature referred to herein in any Federal or State court sitting within the State of New York.  (Pre-Negotiation Letter, ¶ 11.)

**E.     THE LEASE DEFAULTS**

36. Following the execution of the Pre-Negotiation Letter, in late March 2019, Plaintiff entered into negotiations with Tenant and Guarantor concerning their requested modifications to the Lease and the Guaranty.

37. When it became apparent that Plaintiff would not agree to the modifications requested by Tenant and Guarantor, Tenant advised Plaintiff that it would not replace the Letter of Credit, and that Tenant would abandon the Premises.

38. Tenant's statement that it would not replace the Letter of Credit constituted a breach of the Lease.

39. Tenant's statement that it intended to abandon the Premises constituted an anticipatory repudiation of the Lease.

8

40. Tenant and Guarantor then sought to negotiate with Plaintiff for a surrender of the Premises by Tenant.

41. On or about April 4, 2019, Plaintiff presented Tenant and Guarantor with the terms and conditions on which it would agree to a surrender of the Premises by Tenant. Among other things, those terms and conditions included:

(a) Payment by Tenant of all Fixed Rent, Additional Rent and other amounts owed under the Lease through the date of surrender of the Premises;

(b) Surrender of the Premises by Tenant on or before June 30, 2019;

(c) An agreement by the parties as to the pre-payment of all other amounts owed by Tenant under the Lease for the duration of the unexpired Lease term, or some alternate arrangement satisfactory to Plaintiff;

(d) Draw down by Plaintiff on the Letter of Credit, as liquidated damages for Tenant's failure to perform its obligations under the Lease;

(e) Execution by Tenant of a written agreement with Plaintiff for the surrender of the Premises; and

(f) Delivery by Tenant and Guarantor of a general release to Plaintiff.

42. Upon receiving these terms and conditions from Plaintiff, Tenant focused primarily on vacating the Premises as soon as possible. Tenant immediately began making counter-proposals to Plaintiff's required terms and conditions.

43. On or about April 5, 2019, based upon (a) Tenant's breach of the Lease by failing to issue a replacement Letter of Credit within ninety (90) days prior to its April 9, 2019 expiration date; (b) Tenant's anticipatory repudiation of the Lease; and (c) Tenant's counter-proposals to Plaintiff's required terms and conditions, and in order to secure Tenant's

performance of its obligations under the Lease, Plaintiff drew down on the Letter of Credit in the amount of $463,980.00, as permitted by the Lease.

44. Plaintiff's exercise of its right to draw against the Letter of Credit in order to secure Tenant's performance of its obligations under the Lease was without prejudice to Plaintiff's exercise of any other remedy available to Plaintiff under the Lease by reason of Tenant's defaults in its performance obligations.

45. Following various discussions by the parties during April 2019 concerning Plaintiff's required terms and conditions, Plaintiff submitted its proposed written lease modification and surrender agreement to Tenant and Guarantor.

46. Among other things, Plaintiff's proposed lease modification and surrender agreement required:

(a) Payment by Tenant and/or by Guarantor of all Fixed Rent, Additional Rent and other amounts owed under the Lease through the date of surrender of the Premises;

(b) Draw down by Plaintiff on the Letter of Credit, as liquidated damages for Tenant's failure to perform its obligations under the Lease;

(c) A payment by Guarantor of an additional amount in respect of all sums due under the unexpired Lease term, as required by the Guaranty; and

(d) A release of the Plaintiff by Tenant and Guarantor.

47. Tenant and Guarantor rejected Plaintiff's terms and conditions for the proposed lease modification and surrender agreement.

48. On or about May 17, 2019, Tenant tendered payment of Fixed Rent in respect of the month of May 2019 to Plaintiff.

49. On or about May 24, 2019, Tenant abandoned and vacated the Premises, without Plaintiff's consent or authorization.

50. On or about May 28, 2019, Tenant delivered to Plaintiff a unilateral acknowledgment of Tenant's surrender of the Premises.

51. The Lease has not been modified, is in full force and effect, and is binding on Tenant in accordance with its terms.

52. On June 1, 2019, Tenant's payment of Fixed Rent for the month of June 2019, in the amount of Thirty-Seven Thousand One Hundred Forty-One and 79/100 Dollars ($37,141.79) became due and payable, together the amount of One Thousand Seven Hundred Seventy-Three and 92/100 Dollars ($1,773.92) for Additional Rent, for a total amount of Thirty-Eight Thousand Nine Hundred Fifteen and 71/100 Dollars ($38,915.71).

53. On July 1, 2019, Tenant's payment of Fixed Rent for the month of July 2019, in the amount of Thirty-Seven Thousand One Hundred Forty-One and 79/100 Dollars ($37,141.79) became due and payable, together the amount of One Thousand Seven Hundred Seventy-Three and 92/100 Dollars ($1,773.92) for Additional Rent, for a total amount of Thirty-Eight Thousand Nine Hundred Fifteen and 71/100 Dollars ($38,915.71).

54. On August 1, 2019, Tenant's payment of Fixed Rent for the month of August 2019, in the amount of Thirty-Seven Thousand One Hundred Forty-One and 79/100 Dollars ($37,141.79) became due and payable, together the amount of One Thousand Seven Hundred Seventy-Three and 92/100 Dollars ($1,773.92) for Additional Rent, for a total amount of Thirty-Eight Thousand Nine Hundred Fifteen and 71/100 Dollars ($38,915.71).

55. Tenant has not made any payment of Fixed Rent, Additional Rent or any other amounts owed to Plaintiff under the Lease for June 2019, July 2019 and August 2019.

56. As a result of Tenant's failures to pay the amounts owed for Fixed Rent and Additional Rent for the months of June 2019, July 2019 and August 2019, Tenant also owes Plaintiff late fees in the amount of Four Thousand Five Hundred and 00/100 Dollars ($4,500.00).

57. Tenant's failure to pay Fixed Rent, Additional Rent or any other amounts owed to Plaintiff under the Lease constitutes a default by Tenant of its payment obligations under the Lease.

58. Tenant's abandonment of the Premises constitutes a default by Tenant of its performance obligations under the Lease.

59. As a result of its payment and performance defaults under the Lease, Tenant became liable to Plaintiff for payment of all unpaid Fixed Rent, Additional Rent and any and all other amounts due to Plaintiff over the unexpired Lease term.

60. On or about August 5, 2019, Plaintiff served Tenant with notice of Plaintiff's intention to end the term of the Lease based upon Tenant's defaults.

61. On or about August 13, 2019, based upon Tenant's defaults, Plaintiff served Tenant with notice of Plaintiff's termination of the Lease, as of August 11, 2019, together with Plaintiff's demand for all unpaid rent and other damages under the Lease.

62. The Guaranty has not been modified, is in full force and effect, and is binding on Guarantor in accordance with its terms.

**FIRST CAUSE OF ACTION**
**(Breach of Lease)**

63. Plaintiff repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 62 of this Complaint, as if fully set forth herein.

64. The Guaranty provided that in the event of a default by Tenant in any of its payment and/or performance obligations under the Lease, Guarantor would make payment of all

Fixed Rent, Additional Rent and any and all other amounts (including damages, costs, fees and expenses or arrears) due to Plaintiff.

65. Tenant breached the Lease by failing to pay Plaintiff Fixed Rent, Additional Rent and other amounts due under the Lease for June 2019, July 2019 and August 2019, as a result of which Tenant is in default of its payment obligations under the Lease.

66. Tenant breached the Lease by abandoning the Premises on or about May 24, 2019, as a result of which Tenant is in default of its performance obligations under the Lease.

67. As a result of its payment defaults under the Lease, Tenant became liable to Plaintiff for payment of all unpaid Fixed Rent, Additional Rent and other amounts due to Plaintiff through August 2019, in the amount of One Hundred Twenty-One Thousand Two Hundred Forty-Seven and 10/100 Dollars ($121,247.10).

68. Further, as a result of its payment and performance defaults under the Lease, Tenant also became liable to Plaintiff for payment of all unpaid Fixed Rent, Additional Rent and any and all other amounts due to Plaintiff over the unexpired Lease term. As of September 1, 2019, the total amount due over the unexpired Lease term is Two Million Eight Hundred Sixteen Thousand One Hundred Twenty-Three and 43/100 Dollars ($2,816,123.43). When discounted pursuant to Section 26.01 of the Lease, the new present value of the amount of due over the unexpired Lease term is Two Million Four Hundred Seventy-Four Thousand Four Hundred Sixty-Four and 20/100 Dollars ($2,474,464.20). After application of amounts credited to Tenant, the amount owed by Tenant to Plaintiff over the unexpired Lease term is believed to be not less than Two Million Ten Thousand Four Hundred Eighty-Four and 20/100 Dollars ($2,010,484.20).

69. Defendant, as Guarantor, waived notice of any and all defaults by Tenant in its payment and/or performance obligations under the Lease.

70. As a result of Tenant's payment defaults under the Lease, Defendant, as Guarantor, is liable to Plaintiff for payment of all unpaid Fixed Rent, Additional Rent and any and all other amounts due to Plaintiff through August 2019, in the amount of One Hundred Twenty-One Thousand Two Hundred Forty-Seven and 10/100 Dollars ($121,247.10).

71. Further, as a result of Tenant's payment and performance defaults under the Lease, Defendant, as Guarantor, also is liable to Plaintiff for payment of all unpaid Fixed Rent, Additional Rent and any and all other amounts due to Plaintiff over the unexpired Lease term. As of September 1, 2019, the total amount due over the unexpired Lease term is Two Million Eight Hundred Sixteen Thousand One Hundred Twenty-Three and 43/100 Dollars ($2,816,123.43). When discounted pursuant to Section 26.01 of the Lease, the new present value of the amount of due over the unexpired Lease term is Two Million Four Hundred Seventy-Four Thousand Four Hundred Sixty-Four and 20/100 Dollars ($2,474,464.20). After application of amounts credited to Tenant, the amount owed by Tenant to Plaintiff over the unexpired Lease term is believed to be not less than Two Million Ten Thousand Four Hundred Eighty-Four and 20/100 Dollars ($2,010,484.20).

72. No amount in respect of unpaid Fixed Rent, Additional Rent or any other amount due to Plaintiff over the unexpired Lease term has been paid by either Tenant or Guarantor.

73. Consequently, Plaintiff has suffered damages and is entitled to judgment against Defendant, as Guarantor, for payment of Fixed Rent, Additional Rent, and late charges and fees through August 2019, in the amount of One Hundred Twenty-One Thousand Two Hundred Forty-Seven and 10/100 Dollars ($121,247.10); additionally, Plaintiff has also suffered damages and is entitled to judgment against Defendant, as Guarantor, for payment of all unpaid Fixed Rent, Additional Rent and any and all other amounts due to Plaintiff over the unexpired Lease

term, in an amount to be determined at trial, but that Plaintiff believes to be (after discounting and application of amounts credited to Tenant) not less than Two Million Ten Thousand Four Hundred Eighty-Four and 20/100 Dollars ($2,010,484.20); together with interest on all such amounts, costs and attorneys' fees.

## SECOND CAUSE OF ACTION
### (Action to Enforce Guaranty)

74. Plaintiff repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 73 of this Complaint, as if fully set forth herein.

75. On or about May 24, 2019, Tenant abandoned the Premises, in violation of the Lease.

76. Tenant's abandonment of the Premises constitutes a default of its performance obligations under the Lease.

77. Tenant failed to pay Plaintiff Fixed Rent, Additional Rent and other amounts due under the Lease on June 2019, July 2019 and August 2019.

78. Tenant's failure to pay Plaintiff Fixed Rent, Additional Rent and other amounts due under the Lease for June 2019, July 2019 and August 2019 constitutes a default of Tenant's payment obligations under the Lease.

79. As a result of its payment defaults under the Lease, Tenant became liable to Plaintiff for payment of all unpaid Fixed Rent, Additional Rent and other amounts due to Plaintiff through August 2019, in the amount of One Hundred Twenty-One Thousand Two Hundred Forty-Seven and 10/100 Dollars ($121,247.10).

80. Further, as a result of its payment and performance defaults under the Lease, Tenant also became liable to Plaintiff for payment of all unpaid Fixed Rent, Additional Rent and any and all other amounts due to Plaintiff over the unexpired Lease term. As of September 1,

2019, the total amount due over the unexpired Lease term is Two Million Eight Hundred Sixteen Thousand One Hundred Twenty-Three and 43/100 Dollars ($2,816,123.43).  When discounted pursuant to Section 26.01 of the Lease, the new present value of the amount of due over the unexpired Lease term is Two Million Four Hundred Seventy-Four Thousand Four Hundred Sixty-Four and 20/100 Dollars ($2,474,464.20).  After application of amounts credited to Tenant, the amount owed by Tenant to Plaintiff over the unexpired Lease term is believed to be not less than Two Million Ten Thousand Four Hundred Eighty-Four and 20/100 Dollars ($2,010,484.20).

81. Defendant, as Guarantor, waived notice of any and all defaults by Tenant in its payment and/or performance obligations under the Lease.

82. As a result of Tenant's payment defaults under the Lease, Defendant, as Guarantor, is liable to Plaintiff for payment of all unpaid Fixed Rent, Additional Rent and any and all other amounts due to Plaintiff through August 2019, in the amount of One Hundred Twenty-One Thousand Two Hundred Forty-Seven and 10/100 Dollars ($121,247.10).

83. Further, as a result of Tenant's payment and performance defaults under the Lease, Defendant, as Guarantor, also is liable to Plaintiff for payment of all unpaid Fixed Rent, Additional Rent and any and all other amounts due to Plaintiff over the unexpired Lease term. As of September 1, 2019, the total amount due over the unexpired Lease term is Two Million Eight Hundred Sixteen Thousand One Hundred Twenty-Three and 43/100 Dollars ($2,816,123.43).  When discounted pursuant to Section 26.01 of the Lease, the new present value of the amount of due over the unexpired Lease term is Two Million Four Hundred Seventy-Four Thousand Four Hundred Sixty-Four and 20/100 Dollars ($2,474,464.20).  After application of amounts credited to Tenant, the amount owed by Tenant to Plaintiff over the unexpired Lease term is believed to be not less than Two Million Ten Thousand Four Hundred Eighty-Four and

20/100 Dollars ($2,010,484.20).

84. No amount in respect of unpaid Fixed Rent, Additional Rent or any other amount due to Plaintiff over the unexpired Lease term has been paid by either Tenant or Guarantor.

85. Consequently, Plaintiff has suffered damages and is entitled to judgment against Defendant, as Guarantor, for payment of Fixed Rent, Additional Rent, and late charges and fees through August 2019, in the amount of One Hundred Twenty-One Thousand Two Hundred Forty-Seven and 10/100 Dollars ($121,247.10); additionally, Plaintiff has also suffered damages and is entitled to judgment against Defendant, as Guarantor, for payment of all unpaid Fixed Rent, Additional Rent and any and all other amounts due to Plaintiff over the unexpired Lease term, in an amount to be determined at trial, but that Plaintiff believes to be (after discounting and application of amounts credited to Tenant) not less than Two Million Ten Thousand Four Hundred Eighty-Four and 20/100 Dollars ($2,010,484.20);; together with interest on all such amounts, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff 228E58STR LLC prays for the following relief:

A. Issuance of a declaratory judgment that Tenant breached its obligations under the Lease, and that by virtue of Tenant's breach of its obligations under the Lease, Guarantor is liable to Plaintiff under the Guaranty;

B. Compensatory damages through August 2019, in the amount of One Hundred Twenty-One Thousand Two Hundred Forty-Seven and 10/100 Dollars ($121,247.10);

C. Compensatory damages in an amount to be determined at trial, but not less than Two Million Ten Thousand Four Hundred Eighty-Four and 20/100 Dollars ($2,010,484.20);

D. Consequential and incidental damages in an amount to be determined at trial;

E. Prejudgment interest;

F. Attorneys' fees and costs of the action; and

G. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
August 20, 2019

Respectfully submitted,

PHILLIPS NIZER LLP

By: __/s/ Laura E. Longobardi__
Laura E. Longobardi
*LLongobardi@phillipsnizer.com*
Richard P. Kaye
*rkaye@phillipsnizer.com*
485 Lexington Avenue, 14th Floor
New York, New York 10017
Telephone: (212) 977-9700
Telecopier: (212) 262-5152

*Attorneys for Plaintiff 228E58STR LLC*