UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- x

228E58STR LLC,

                       Plaintiff,

-against-

KOLEKSIYON MOBILYA SAN A.S.,

                       Defendant.

----------------------------------------------------------------- x

No. 19-cv-07795 (NRB) (SN)

**DECLARATION OF MARC A. LANDIS, ESQ., IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

      Marc A. Landis, an attorney duly admitted to practice law in the State of New York and in the Southern District of New York, declares under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

      1.    I am a member of the firm and the Managing Partner of Phillips Nizer LLP, attorneys for Plaintiff 228E58STR LLC ("Plaintiff") in the above-captioned action. I also am and have been the authorized representative of Plaintiff in connection with the transactions at issue in this action. I have personal knowledge of the facts contained in this declaration.

      2.    I am submitting this declaration in support of Plaintiff's motion, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for an Order (a) granting Plaintiff summary judgment on the issue of the liability of Defendant Koleksiyon Mobilya San A.S. ("Defendant") as guarantor on a guaranty of payment, as set forth in the Complaint in this action; and (b) granting Plaintiff such other and further relief as the Court may deem just and proper.

**A.    THE PARTIES**

      3.    Plaintiff is a limited liability company duly organized and existing under the laws of the State of New York, with its principal place of business at 115 West 29th Street, New York, New York 10001.

4.  Plaintiff is the owner of real property located at 228 East 58th Street, New York, New York 10022 (the "Building").

5.  Upon information and belief, Defendant Koleksiyon Mobilya San A.S. ("Guarantor" or "Defendant") is a company duly organized and existing under the laws of the foreign state of Turkey, with its headquarters at Haciosman Bayiri, 35 Cumhuriyet Mah Kefelikoy Baglar Caddesi, Buyukdere Istanbul (Europe), 34457 Turkey.

6.  A true, correct and complete copy of the Plaintiff's Complaint in this action is attached to this Declaration as Exhibit A.

**B.   THE LEASE**

7.  On or about April 28, 2015, Plaintiff, as landlord, and non-party Koleksiyon USA LLC ("Tenant"), as tenant, entered into a written lease agreement (the "Lease") for lease of a portion of the ground floor space, the second floor space and the basement located in the Building (the "Premises"). A true, correct and complete copy of the Lease is attached to this Declaration as Exhibit B. The Lease previously has been submitted to the Court as Exhibit 1 to the Complaint.

8.  The term of the Lease was for a period of ten (10) years, commencing on April 1, 2015 and ending on March 31, 2025. (Exhibit B, Lease, Article 2.)

9.  Payment of Fixed Rent (as defined in the Lease) was to be made monthly in advance on the first day of each calendar month during the term of the Lease according to the Fixed Rent Schedule attached as Exhibit B to the Lease. (Exhibit B, Lease, § 3.01.)

10. If any Fixed Rent or Additional Rent (as defined in the Lease) was not paid by Tenant within seven (7) days of the date that it was due, Tenant was required to pay Plaintiff a late charge of One Thousand Five Hundred and 00/100 Dollars ($1,500.00) for each such occurrence. (Exhibit B, Lease, § 3.04(b).)

11. Article 23 of the Lease set forth the provisions relating to the surrender of the Premises. (Exhibit B, Lease, Article 23.)

12. The Lease expressly stated that "No act or thing done by [Plaintiff] or its agents shall be deemed an acceptance of a surrender of the Premises, and ***no agreement to accept such surrender shall be valid unless in writing and signed by [Plaintiff]*** … ." (Exhibit B, Lease, § 23.02; emphasis added.)

13. In the event that the Lease were to be terminated by reason of (among other things) Tenant's default in its payment and/or performance obligations under the Lease, including Tenant's abandonment of the Lease, Tenant would nonetheless remain liable for damages to Plaintiff throughout the unexpired term of the Lease as provided by Article 26 of the Lease. (Exhibit B, Lease, § 24.02.)

14. Article 26 of the Lease stated that in the event that the Lease were to be terminated by reason of Tenant's default(s), then, at Plaintiff's election, Tenant would be liable to Plaintiff in an amount equal to (among other things), all Fixed Rent and Additional Rent to be paid by Tenant to Plaintiff throughout the unexpired term of the Lease. (Exhibit B, Lease, § 26.01.)

15. As security for Tenant's performance of its obligations under the Lease, Tenant was required to deliver a letter of credit (the "Letter of Credit") to Plaintiff. The term of the Letter of Credit was to be for no less than one (1) year, was to be substantially in the form attached to the Lease as Exhibit E, and was to renew automatically throughout the term of the Lease. (Exhibit B, Lease, § 37.01.)

16. The Lease provided that if for any reason whatsoever the Letter of Credit was not renewed or replaced within ninety (90) days prior to its then-expiration or renewal date, Plaintiff

3

would have the unconditional right to draw upon the existing Letter of Credit as security for Tenant's performance under the Lease. (Exhibit B, Lease, § 37.01.)

### C. THE GUARANTY

17. In order to induce Plaintiff to execute the Lease, Defendant, as Guarantor, executed a written personal guaranty (the "Guaranty") of all of the terms, covenants and conditions contained in the Lease between Plaintiff and Tenant. A true, correct and complete copy of the Guaranty (which is also Exhibit F to the Lease) is attached to this Declaration as Exhibit C. The Guaranty previously has been submitted to this Court as Exhibit 2 to the Complaint.

18. The Guaranty stated that its purpose was to assure Plaintiff that the payment of all rent and additional rent (including, but not limited to, Fixed Rent, Additional Fixed Rent and Additional Rent (all as defined in the Lease)) would be the obligation of the Guarantor if the Tenant did not make such payments. (Exhibit C, Guaranty, ¶ 2.)

19. The Guaranty affirmatively stated that "any liability of the Guarantor for any claims of [Plaintiff] arising under the Lease *shall survive the surrender or termination of the Lease.*" (Exhibit C, Guaranty, ¶ 2; emphasis added.)

20. Additionally, the Guaranty stated that Plaintiff's "acceptance of a surrender of the Premises *shall not be deemed a release or waiver by [Plaintiff] of any obligation of* the Tenant under the Lease or *the Guarantor under this Guaranty*." (Exhibit C, Guaranty, ¶ 3; emphasis added.)

21. The Guaranty further stated that "[a]ny security deposit under the Lease *shall not* be credited against amounts payable by Tenant, or by Guarantor, under the terms of this Guaranty." (Exhibit C, Guaranty, ¶ 3; emphasis added.)

22. The Guaranty also expressly provided that "*This Guaranty is absolute and*

4

***unconditional and is a guaranty of payment and performance***, not of collection, and ***Guarantor's liability hereunder shall be primary***. ..." (Exhibit C, Guaranty, ¶ 4; emphasis added.)

**D.    THE PRE-NEGOTIATION LETTER**

23.    After several months of efforts by Plaintiff to persuade Tenant to provide a Letter of Credit that complied with the Lease, in or about March 2019, Tenant and Defendant, as Guarantor, requested modifications regarding certain aspects of the Lease and the Guaranty. Plaintiff required Tenant and Defendant to execute a pre-negotiation letter (the "Pre-Negotiation Letter") as a condition to discussing any such potential modifications. On or about March 29, 2019, Plaintiff, Tenant and Defendant, as Guarantor, executed the Pre-Negotiation Letter. A true, correct and complete copy of the Pre-Negotiation Letter is attached to this Declaration as Exhibit D. The Pre-Negotiation Letter previously has been submitted to this Court as Exhibit 3 to the Complaint.

24.    The Pre-Negotiation Letter expressly provided, among other things, that with respect to the discussions between and among Plaintiff, Tenant and Defendant, as Guarantor, "no agreement reached with respect to any matter (including, without limitation, any waiver of any right or remedy) shall have any effect whatsoever unless such agreement is reduced to writing, signed and delivered by all parties' authorized representatives." (Exhibit D, Pre-Negotiation Letter, ¶ 2.)

25.    Pursuant to the Pre-Negotiation Letter, Tenant acknowledged that "[t]he Lease is in full force and effect and is binding on Tenant in accordance with their [*sic*] terms. Tenant shall continue to be bound by the Lease terms, except to the extent that the Lease may hereafter be modified by a written agreement duly signed and delivered as described in paragraph 2, above." (Exhibit D, Pre-Negotiation Letter, ¶ 3.)

26. Pursuant to the Pre-Negotiation Letter, Defendant, as Guarantor, acknowledged that "[t]he Guaranty is in full force and effect and is binding on Guarantor in accordance with their [*sic*] terms. Guarantor shall continue to be bound by the Guaranty terms, except to the extent that the Guaranty may hereafter be modified by a written agreement duly signed and delivered as described in paragraph 2, above." (Exhibit D, Pre-Negotiation Letter, ¶ 4.)

27. Pursuant to the Pre-Negotiation Letter, both Tenant and Defendant, as Guarantor, acknowledged that "as of the date hereof, [Plaintiff] has not entered into any agreements, commitments or understandings with [Tenant and Guarantor] with respect to the Lease or Guaranty (including, without limitation, any agreement to modify such documents or reduce the rental due under the Lease) and that no such agreements, commitments or understandings will be deemed to exist absent a future written agreement between [Plaintiff] and [Tenant and Guarantor] to the contrary." (Exhibit D, Pre-Negotiation Letter, ¶ 8.)

28. Plaintiff, Tenant and Defendant, as Guarantor, did not reach any agreement regarding Tenant's and Defendant's requested modifications to the Lease or the Guaranty.

29. There have been no written agreements, signed and delivered by all parties' authorized representatives, modifying either the Lease or the Guaranty.

### E. THE LEASE DEFAULTS

30. Tenant did not issue a replacement Letter of Credit within ninety (90) days prior to its April 9, 2019 expiration date.

31. On or about April 5, 2019, Plaintiff drew down on the Letter of Credit in the amount of $463,980.00, as permitted by the Lease.

32. On May 1, 2019, Tenant's payment of Fixed Rent for the month of May 2019, in the amount of Thirty-Seven Thousand One Hundred Forty-One and 79/100 Dollars ($37,141.79) became due and payable, together with certain items of Additional Rent.

6

33. On or about May 17, 2019, Tenant tendered late payment of Fixed Rent in respect of the month of May 2019 to Plaintiff.

34. Tenant did not tender payment of Additional Rent in respect of the month of May 2019 to Plaintiff.

35. On or about May 24, 2019, Tenant abandoned and vacated the Premises, without Plaintiff's consent or authorization.

36. On May 28, 2019, I received a letter from counsel for Defendant, as Guarantor, and Tenant. That letter included an "Acknowledgement of Surrender," which was signed only by Tenant. True, correct and complete copies of the May 28, 2019, letter from counsel for Defendant and Tenant, and the May 28, 2019, "Acknowledgement of Surrender," are attached to this Declaration as Exhibit E.

37. Plaintiff, as Landlord, did not accept the purported "surrender" of the Premises by Tenant. Plaintiff, as Landlord, has not signed any written agreement purporting to accept the "surrender" of the Premises by Tenant.

38. On June 1, 2019, Tenant's payment of Fixed Rent for the month of June 2019, in the amount of Thirty-Seven Thousand One Hundred Forty-One and 79/100 Dollars ($37,141.79) became due and payable, together with the amount of One Thousand Seven Hundred Seventy-Three and 92/100 Dollars ($1,773.92) for Additional Rent, for a total amount of Thirty-Eight Thousand Nine Hundred Fifteen and 71/100 Dollars ($38,915.71).

39. On June 14, 2019, Plaintiff sent Tenant an invoice by email for the payment of Fixed Rent for June 2019, and for the payment of certain items of Additional Rent from May 2019. True, correct and complete copies of the June 14, 2019 email and the attached invoice for the payment of Fixed Rent for June 2019 are attached to this Declaration as Exhibit F.

7

40. Tenant failed to make the payment of Fixed Rent for June 2019.

41. Tenant failed to make the payment of Additional Rent for June 2019.

42. On July 1, 2019, Tenant's payment of Fixed Rent for the month of July 2019, in the amount of Thirty-Seven Thousand One Hundred Forty-One and 79/100 Dollars ($37,141.79) became due and payable, together with the amount of One Thousand Seven Hundred Seventy-Three and 92/100 Dollars ($1,773.92) for Additional Rent, for a total amount of Thirty-Eight Thousand Nine Hundred Fifteen and 71/100 Dollars ($38,915.71).

43. Tenant failed to make the payment of Fixed Rent and Additional Rent for July 2019.

44. On August 1, 2019, Tenant's payment of Fixed Rent for the month of August 2019, in the amount of Thirty-Seven Thousand One Hundred Forty-One and 79/100 Dollars ($37,141.79) became due and payable, together with the amount of One Thousand Seven Hundred Seventy-Three and 92/100 Dollars ($1,773.92) for Additional Rent, for a total amount of Thirty-Eight Thousand Nine Hundred Fifteen and 71/100 Dollars ($38,915.71).

45. Tenant failed to make the payment of Fixed Rent for August 2019.

46. As a result of Tenant's failures to pay the amounts owed for Fixed Rent and Additional Rent for the months of June 2019, July 2019 and August 2019, Tenant also owes Plaintiff late fees in the amount of Four Thousand Five Hundred and 00/100 Dollars ($4,500.00).

47. Tenant's failure to pay Fixed Rent, Additional Rent or any other amounts owed to Plaintiff under the Lease for June 2019, July 2019 and August 2019 constitutes a breach of Tenant's payment obligations under the Lease.

48. Tenant's failure to pay Fixed Rent, Additional Rent or any other amounts owed to Plaintiff under the Lease for June 2019, July 2019 and August 2019 constitutes a default by

Tenant of its payment obligations under the Lease within the meaning of Section 24.02(a) of the Lease. (Exhibit B, Lease, § 24.02(a).)

49. Tenant's abandonment of the Premises on or about May 24, 2019 constitutes a breach of Tenant's performance obligations under the Lease.

50. Tenant's abandonment of the Premises constitutes a default of Tenant's performance obligations under the Lease within the meaning of Section 24.02(c) of the Lease. (Exhibit B, Lease, § 24.02(c).)

51. Pursuant to Section 24.02 of the Lease, as a result of Tenant's payment and performance defaults under the Lease, Plaintiff, as Landlord, was entitled to give Tenant a notice of intention to end the term of the Lease, to terminate the Lease upon the expiration of five days from the date of service of the notice of intention to end the term of the Lease, and to hold Tenant liable for damages as provided by Article 26 of the Lease. (Exhibit B, Lease, § 24.02(d).)

52. On or about August 5, 2019, Plaintiff served Tenant with notice of Plaintiff's intention to end the term of the Lease (the "Notice of Intention to Terminate Lease") based upon Tenant's defaults, and to hold Tenant liable for damages as provided by Article 26 of the Lease. A true, correct and complete copy of this Notice of Intention to Terminate Lease is attached to this Declaration as Exhibit G.

53. On or about August 13, 2019, based upon Tenant's defaults, Plaintiff served Tenant with notice of Plaintiff's termination of the Lease, as of August 11, 2019 (the "Notice of Lease Termination"), together with Plaintiff's demand for all unpaid rent and other damages under the Lease, including damages as provided by Article 26 of the Lease. A true, correct and complete copy of this Notice of Lease Termination is attached to this Declaration as Exhibit H.

54. As a result of Tenant's payment and performance defaults under the Lease,

9

Tenant is liable to Plaintiff for payment of all unpaid Fixed Rent, Additional Rent and other amounts due to Plaintiff through August 2019, in the amount of One Hundred Twenty-One Thousand Two Hundred Forty-Seven and 10/100 Dollars ($121,247.10).

55. As a result of Tenant's payment and performance defaults under the Lease, resulting in Plaintiff's exercise of its rights pursuant to Article 24 of the Lease, Tenant also is liable to Plaintiff, pursuant to Article 26 of the Lease, for payment of all unpaid Fixed Rent, Additional Rent and any and all other amounts due to Plaintiff over the unexpired Lease term.

56. As a result of Tenant's payment and performance defaults under the Lease, resulting in Plaintiff's exercise of its rights pursuant to Article 24 of the Lease, Defendant, as Guarantor, is liable to Plaintiff for payment of all unpaid Fixed Rent, Additional Rent and other amounts due to Plaintiff through August 2019, and for payment of all unpaid Fixed Rent, Additional Rent and any and all other amounts (including damages, costs, fees and expenses or arrears) due to Plaintiff over the unexpired Lease term. (Exhibit C, Guaranty, ¶ 2.)

57. No amount of unpaid Fixed Rent, Additional Rent or any other amount due to Plaintiff over the unexpired Lease term has been paid by either Tenant or Guarantor.

58. As of September 1, 2019, the total amount due to Plaintiff over the unexpired Lease term is believed to be not less than Two Million Eight Hundred Sixteen Thousand One Hundred Twenty-Three and 43/100 Dollars ($2,816,123.43). When discounted pursuant to Section 26.01 of the Lease, the net present value of the amount due over the unexpired Lease term as of September 1, 2019, is believed to be not less than Two Million Four Hundred Seventy-Four Thousand Four Hundred Sixty-Four and 20/100 Dollars ($2,474,464.20).

59. Pursuant to Paragraph 3 of the Guaranty, neither Tenant nor Defendant, as Guarantor, is entitled to have the amount of the Letter of Credit that was drawn down by Plaintiff

credited against the amounts owed by Tenant to Plaintiff under the Lease, or the amounts owed by Defendant, as Guarantor, to Plaintiff under the Guaranty.

60. If, notwithstanding the express provision of Paragraph 3 of the Guaranty, the amount drawn down on the Letter of Credit is applied as a credit to Tenant against the amount owed by Tenant and Defendant, as Guarantor, to Plaintiff over the unexpired Lease term, that amount, as of September 1, 2019, nevertheless, is believed to be not less than Two Million Ten Thousand Four Hundred Eighty-Four and 20/100 Dollars ($2,010,484.20).

61. Defendant, as Guarantor, is liable to Plaintiff for payment of all unpaid Fixed Rent, Additional Rent and any and all other amounts due to Plaintiff through August 2019, in the amount of One Hundred Twenty-One Thousand Two Hundred Forty-Seven and 10/100 Dollars ($121,247.10).

62. Defendant, as Guarantor, is liable to Plaintiff for payment of the amount owed by Tenant to Plaintiff over the unexpired Lease term, which amount, as of September 1, 2019, is believed to be not less than Two Million Ten Thousand Four Hundred Eighty-Four and 20/100 Dollars ($2,010,484.20).

Dated: New York, New York
       February 20, 2020

_____
MARC A. LANDIS

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of February, 2020, I caused a true and correct copy of the **Declaration of Marc A. Landis, Esq., in Support of Motion for Summary Judgment Pursuant to Rule 56,** to be served upon Defendant Koleksiyon Mobilya San A.S. ("Defendant"), by service upon Defendant's counsel as follows: **by electronic mail and by U.S. First-Class Mail**, addressed to

>   **HERRICK FEINSTEIN LLP**
>   John P. Sheridan, Esq.
>   *jsheridan@herrick.com*
>   Two Park Avenue
>   New York, New York 10016
>   Telephone: (212) 592-1400

_____
LAURA E. LONGOBARDI