```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
228E58STR LLC,

                Plaintiff,
                                              MEMORANDUM AND ORDER
        - against -
                                                19 Civ. 7795 (NRB)
KOLEKSIYON MOBILYA SAN A.S.,

                Defendant.
--------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiff 228E58STR LLC ("plaintiff") brought this action against defendant Koleksiyon Mobilya San A.S. ("defendant") to enforce a guaranty that was executed by the defendant, as guarantor (the "Guaranty"), contemporaneously with a lease for commercial space that had been entered into between plaintiff, as landlord, and non-party tenant Koleksiyon USA LLC, a corporate entity owned by defendant ("Lease").

On February 20, 2020, the parties cross-moved for summary judgment, and on July 23, 2020, this Court granted plaintiff's summary judgment motion and denied defendant's summary judgment motion. See ECF No. 42. The Court held that defendant remained liable to plaintiff under the Guaranty because the tenant did not obtain the required consent from plaintiff to surrender the premises. Id. at 22. Such consent was a condition precedent to a valid surrender of the premises, and also to the termination of defendant's liability under the Guaranty. Id. The Court directed

1

the parties to confer and submit for the Court's review a proposal for future proceedings on damages, id. at 23, which the Court approved on August 13, 2020, ECF No. 44.

On September 18, 2021, plaintiff submitted its application, ECF No. 47, which set forth its calculation of damages under the Guaranty and Lease arising from the premature termination of the tenant's lease and attorneys' fees and costs incurred in the process of re-letting the premises and enforcing the Guaranty. See Guaranty, ECF No. 47-2 § 8 ("Guarantor . . . will pay attorneys' fees, court costs and other expenses incurred by Landlord in enforcing this Guaranty."); Lease, ECF No. 47-1 § 26.01 (plaintiff permitted to recover "the reasonable expenses of reletting, including, without limitation, altering and preparing the Premises for new tenants, brokers' commissions, legal fees, and all other expenses properly chargeable against the Premises and the rental therefrom."); see also Lease, ECF No. 47-1, § 9.01 (requiring tenant to indemnify plaintiff for damages and reasonable attorneys' fees and disbursements as a result of any default by tenant under the Lease).

In response to plaintiff's application, on November 9, 2020, defendant submitted a letter that stated the following:

> Defendant neither admits nor consents to the amounts set forth in the application. Rather, defendant will not oppose the calculations and reserves its right to pursue an appeal from so much of the final judgment of this court

2

>     finding defendant liable based on the record
>     before the court.

ECF No. 52.  While defendant's intent is not entirely clear, this much is: defendant has waived any right it would have had to object to plaintiff's damages submission.

Despite defendant's waiver, the Court nonetheless has an independent responsibility to evaluate the attorneys' fees claims for reasonableness.  See Lease, ECF No. 47-1 §§ 9.01, 26.01.  Thus the Court requested further support for plaintiff's application, including clarification as to whether plaintiff had paid any of counsel's bills to date.  Plaintiff's counsel submitted the requested supplemental submission on April 7, 2021.  ECF No. 54.

Having reviewed plaintiff's submissions, ECF Nos. 47, 53, 54, the Court is satisfied that each of plaintiff's requests for damages, fees, and costs are adequately supported.  Accordingly, plaintiff is awarded $1,280,252.06 in damages as well as $173,024.76 in attorneys' fees, court costs, expenses, and disbursements, for a total of $1,453,276.82.  In addition, pre-judgment interest is awarded from September 18, 2020.  The Clerk of Court is respectfully directed to enter judgment accordingly and to terminate the case.

**SO ORDERED.**

Dated:     New York, New York
           April 9, 2021

                                    _____
                                    NAOMI REICE BUCHWALD
                                    UNITED STATES DISTRICT JUDGE